From: The District Court of the First Judicial District. County of Lewis & Clark.

STATE OF MONTANA, Plaintiff, vs. ROBERT MICHAEL CONNORS, Defendant.

NO. 3488

## DECISION

The application of the above-named defendant for a review of the sentence of 10 years for first degree burglary with provision that 88 days jail imprisonment is not to affect parole eligibility, imposed on March 27th, 1969, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed, except that it is specifically directed that defendant's 88 days imprisonment in the county jail prior to confinement in the State Prison shall be credited to the defendant as though already served in the State Prison at the time of reception and shall be so used in computing the date when defendant may be considered for parole eligibility.

Respecting the specific direction concerning defendant's 88 days jail imprisonment, it is our opinion that the law permits no other way of treating the same. Section 95-2315, R.C.M. 1947,; State v. Zachmeier, 153 Mont. 64, 453 P.2d 783, 26 St. Rep. 210.

As to any contention that the sentence is longer than average. Assuming it is, that does not of itself indicate that the sentence is excessive. "Average" denotes an arithmetical mean arrived from unequal figures. Reduction of sentences to "average", would reduce the "average", finally resulting in either no sentence at all, or, if the shorter sentences were correspondingly increased, to one fixed sentence for all. Either of these results would be contrary to the present belief that a sentence should be fitted so far as possible to the particular individual. Accepting this belief, the sentencing problem does not yield to the use of averages, dealing as it does with widely differing human beings and their widely varying actions. Presuming as we do that the sentencing judge was correct in his assessment of the situation, we are unable to say that the imposed sentence, aside from the specific direction concerning defendant's 88 days jail imprisonment, was not proper, reasonable, and sufficiently lenient, the individual, the crime, and sentencing goals kept in mind, particularly when it is considered that the crime carries a possible penalty of 15 years imprisonment and defendant has a record of 4 prior felony convictions, one for 1st degree burglary and 3 for 3 counts of uttering and delivering fraudulent checks, which, if used, could have resulted in imprisonment without limit. That a partner in the crime charged received but 5 years is no indication that the sentence here was improper.

We thank John L. Hilts, Esq., of the Montana Defender Project for his assistance to the defendant and to the Court.

DATED this 25th day of July, 1969.

### SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Jack D. Shanstrom, member.